**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT LEE SMITH, | No. 11-56658 |
| Petitioner - Appellant, | D.C. No. 5:07-cv-00908-JSL-FFM |
| v. | |
| STUART SHERMAN, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted July 9, 2014
Pasadena, California

Before: BERZON and CLIFTON, Circuit Judges, and ROSENTHAL, District Judge.[**]

Robert Lee Smith appeals the district court's order denying his petition for a

writ of habeas corpus challenging his California convictions for first-degree murder

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lee H. Rosenthal, District Judge for the U.S. District Court for the Southern District of Texas, sitting by designation.

and for using a firearm in the commission of a felony. A jury convicted Smith under California Penal Code §§ 187 and 12022.5 for shooting and killing a convenience-store owner while he and two accomplices robbed the store. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We affirm.

Our review of Smith's claims is highly deferential. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, a federal court cannot grant the habeas relief Smith seeks unless he shows that the state court's last reasoned adjudication of his federal claims resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington v. Richter*, ⸺ U.S. ⸺, 131 S. Ct. 770, 785 (2011).

Smith contends that the state trial court violated his federal constitutional rights by admitting into evidence two recordings. The first was of the confession Smith gave, months after the robbery and shooting, during an interview by a police detective. The second was of an inculpatory conversation Smith had later that day with his two accomplices after they were all arrested and sitting together in a police car.

2

The state trial court did exclude inculpatory statements Smith made to the detective before the *Miranda* warnings. Those statements placed Smith at the store with a gun in his hand, but not the gun that shot the owner. During this part of the interview, Smith denied that he was the shooter. Approximately thirty minutes after the interview started, the police detective gave Smith *Miranda* warnings and continued the interview. Smith then confessed that he and an accomplice robbed the store at gunpoint while a third accomplice waited in a car, and that it was Smith who shot and killed the store owner during the armed robbery.

The trial court admitted the full confession that Smith made during the interview after he was Mirandized. Smith contends that admitting the post-*Miranda* statements violated *Missouri v. Seibert*, 542 U.S. 600 (2004). He also contends that the *Miranda* violation made the conversation that took place hours later, after his arrest, when he was placed in the police car with his two accomplices, inadmissible under the fruit-of-the-poisonous tree doctrine set out in *Wong Sun v. United States*, 371 U.S. 471, 483–87 (1963).

The state habeas courts summarily denied Smith's collateral challenge. The federal district court also denied relief. The district court held that admitting the post-*Miranda* part of Smith's confession to the police was improper under *Missouri v. Seibert*, but that Smith's statements to his accomplices in the police car were

3

admissible. The district court concluded that these statements, in light of the other inculpatory evidence presented at trial—including recorded, pretextual telephone calls an informant placed to Smith ten days before the interview, during which Smith made statements indicating that he no longer had the gun used in the killing—were sufficiently inculpatory that Smith could not show prejudice from the erroneous admission of his post-*Miranda* statements to the police detective.

We agree that any error was harmless. There is no basis to find that the state-court decision denying relief was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Even if the admission of the prior post-*Miranda* confession was error, there is no Supreme Court case holding that the fruit-of-the-poisonous-tree doctrine applies to statements obtained from such *Miranda* violations. In *Oregon v. Elstad*, 470 U.S. 298, 306–09 (1985), the Court emphasized that because *Miranda*'s protections "sweep[] more broadly than the Fifth Amendment itself," a *Miranda* violation may not amount to a constitutional violation requiring suppression of its "fruits" under *Wong Sun. See also United States v. Patane*, 542 U.S. 630, 643–44 (2004) (holding that the exclusionary rule does not apply to the physical fruits of *Miranda* violations). Smith has not pointed to any circuit court decision, let alone a Supreme Court decision, holding that the fruit-of-the-poisonous-tree doctrine applies to require excluding the type of

4

statements he made to his accomplices in the police car. This court cannot conclude that the state court was unreasonable in denying relief based on the trial court's admission of those statements during the trial.

In light of Smith's statements in the police car, combined with the other evidence in the case, Smith has not established that admitting his post-*Miranda* confession "likely had a substantial and injurious impact on the verdict." *Sims v. Brown*, 425 F.3d 560, 570 (9th Cir. 2005) (quoting *Taylor v. Maddox*, 366 F.3d 992, 1016 (9th Cir. 2004) (explaining the harmless error standard of review for confessions erroneously admitted at trial); *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). In the conversation with his accomplices in the police car, Smith talked about having "smoked" a person during the robbery and repeatedly said that he had confessed to being the one who "did the busting." The other evidence included witness testimony that Smith had bragged at a party about committing the robbery and shooting the owner. The evidence also included the recordings of pretextual telephone calls in which Smith made incriminating statements about having and then discarding the murder weapon. The jury heard from witnesses who were near the store when the robbery and shooting occurred. Their testimony was consistent with the incriminating statements Smith made in the police car. Because of Smith's additional, recorded, specific admissions to having committed the crime, as well as other, consistent

evidence, there is no reasonable basis to conclude that the verdict would have been different had the post-*Miranda* confession to the police detective been excluded.

**AFFIRMED.**